# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2710

_____

John Puetz

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 12, 2024
Filed: April 23, 2024
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

John Puetz appeals after the district court[1] dismissed his medical negligence action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680, against the Department of Veterans Affairs Medical Center

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

("VAMC") in Minneapolis, Minnesota. Because Puetz failed to comply with the presentment requirement for filing an FTCA suit in federal court, we affirm. See Mader v. United States, 654 F.3d 794 (8th Cir. 2011) (en banc).

Puetz, a 62-year-old Army veteran, underwent total knee replacement surgery at the VAMC on January 2, 2020. Following the procedure, Puetz retained Jeffrey N. Hanson, M.D., an independent orthopedic surgeon, to review his medical records. Hanson opined that the VAMC's surgical team's treatment fell below the standard of care, causing Puetz to suffer a spiral fracture of his tibia and plantar fasciitis.

Just over two years after Puetz's surgery, on January 3, 2022, attorney Michael Eisenberg emailed the VA with the subject "FTCA claim for John T. Puetz." The email stated: "Ms. Lohnes (identified by the VA [as] Mr. Puetz's representative) and myself file the following FTCA claim. Enclosed/following, please find Mr. Puetz's SF-95, Expert Letter in Support, and two Supporting Letters from Ms. Penderson." The attached Standard Form 95 ("SF-95") identified the knee replacement as the basis for Puetz's claim and requested $100 million in compensation for unforeseen emotional and physical pain in Puetz's foot, leg, and tibia. The form was signed "Jennifer Lohnes/ME." The SF-95 instructs would-be representatives that a claim "may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant." Neither the email nor the attachments identified Ms. Lohnes as an attorney, nor did they specify Puetz's relationship with Eisenberg or Lohnes.

The VA denied Puetz's administrative claim on May 10, 2022. Puetz then commenced this action. The district court granted the government's motion to dismiss, determining it lacked subject matter jurisdiction to adjudicate his action because Puetz's claim was not properly presented to the VA.

"We review the district court's resolution of factual disputes for clear error and its decision on whether it lacks subject-matter jurisdiction *de novo*." Two Eagle

v. United States, 57 F.4th 616, 620 (8th Cir. 2023). Before a claimant may bring suit under the FTCA, the claim must be presented to the appropriate federal agency. See 28 U.S.C. § 2675(a). A claim may be presented by an authorized agent or legal representative of the claimant so long as the claim includes an executed SF-95 along with "the title or legal capacity of the person signing [and] evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. § 14.2(a).

The Court in Mader explained that "the administrative presentment requirement serves a practical purpose—it provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." 654 F.3d at 800-01. Here, the district court did not clearly err when it found Puetz neither provided the VA with any evidence establishing that either Eisenberg or Lohnes was authorized to act on his behalf, nor did he identify his relationship with Eisenberg or Lohnes. Puetz failed to satisfy the requirements of § 2675(a).

Because compliance with § 2675(a)'s presentment requirement is a jurisdictional prerequisite to filing a federal action, we affirm the dismissal of Puetz's complaint for lack of subject matter jurisdiction. See id. at 805.

_____